[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S MOTION FOR PREJUDGMENT REMEDY
This matter is before the court in connection with plaintiff's application for a prejudgment remedy. Plaintiff's unsigned complaint sets forth three causes of action. The first count alleges that the defendant Crystal Wine and Spirit Shoppe, Inc. ("Crystal Wine") defaulted on rental payments due under a written lease between the parties. The second count alleges that the assets of Crystal Wine were fraudulently conveyed to Steven Shaw who is the principal shareholder of Crystal Wine, as well as its president, treasurer and director, and seeks recovery from Steven Shaw in his individual capacity. The third count alleges that Steven Shaw was acting as the alter ego of Crystal Wine and seeks to pierce the corporate veil for the purpose of making Shaw personally liable.
The evidence presented in support of plaintiff's application disclosed the following facts. In March, 1990, the plaintiff and Crystal Wine entered into a written lease for commercial space in a shopping center owned by plaintiff. The lease was for a ten year term calling for base rent and other additional rents. Beginning in June of 1991 the defendant Crystal Wine began falling into arrears in its payments and ceased paying any rent as of November, 1992. Crystal Wine vacated the premises on May 31, 1993.
Steven Shaw is the principal shareholder of Crystal Wine and serves also as its president, treasurer and one of its two directors. Pursuant to a document dated April 1, 1993, but not witnessed until May 19, 1993, Crystal Wine "transfer[ed] ownership of its assets including, but not limited to CT Page 7947-A furniture, monies, fixtures and inventory to Steven A. Shaw in consideration of Steven A. Shaw assuming all debts." While Crystal Wine's assets were transferred to Mr. Shaw, the obligations of Crystal Wine were paid from its, not Mr. Shaw's, checking account. Both Crystal Wine and Steven Shaw were aware prior to the transfer of assets that the plaintiff intended to bring suit to collect monies due under the lease. Neither Crystal Wine nor Mr. Shaw obtained prior permission for the transfer of assets from the Liquor Control Commission as required by General Statutes 30-48(c).
Based on the foregoing the Court concludes that the plaintiff has demonstrated probable cause to sustain the validity of the second count of its complaint. General Statutes 52-278(d)a. The plaintiff's evidence satisfies the court that there is probable cause to believe that the April 1, 1993, transfer of Crystal Wine and Spirits's assets to Steven Shaw was fraudulent within the meaning of the Connecticut Uniform Fraudulent Transfer Act ("The Act"). General Statutes 52-552. The Act defines two types of fraudulent conveyances, intentional and constructive. Plaintiff argues that defendants' transfer was an intentional fraudulent conveyance, in that it was made "with actual intent to hinder, delay or defraud" their creditors. General Statutes 52-552e(b) sets forth eleven factors that may be considered in determining whether a transfer was intentionally fraudulent. Although the statute does not require that a certain number of those factors be proven in order to demonstrate fraud; First Constitution Bank v. Muscidae, C 92-s (Vertefeuille, J.); a majority of the factors apply to defendant's conduct.
First, Mr. Shaw is an "insider" within the meaning of General Statutes 52-552b(7). Second, the transfer of assets was concealed, with neither the corporate or individual defendant notifying the Liquor Commission until at least one month after the transfer, in violation of General Statutes30-48(c). Third, before the transfer was made the defendant Crystal Wine was threatened with suit. Fourth, the transfer was of substantially all of Crystal Wine's assets. Fifth, the value of the consideration received was reasonably equivalent to the value of the asset transferred. General Statutes 52-552e(b).
For the foregoing reasons the plaintiff has demonstrated probable cause that it will sustain its proof as to count two CT Page 7947-B of its complaint. Accordingly, a prejudgment order may enter in the amount of $75,000.
SO ORDERED.
Holzberg, J.